UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RONIQA HOUSTON,

                Plaintiff,

        - against –

THE CITY OF NEW YORK; P.O.
MARITZA MORALES, Shield No. 10141,
Individually and in her Official Capacity;
P.O. JANE DOE Individually and in her
Official Capacity; P.O. JOHN DOE,
Individually and in his Official Capacity;
P.O.s JOAN DOEs #1 - #3, Individually and
in their Official Capacities,

              Defendants.

13 Civ. _____

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff RONIQA HOUSTON, through her attorneys, THE LAW OFFICE
OF ZACHARY MARGULIS-OHNUMA, complaining of the defendants,
respectfully alleges the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for compensatory damages, punitive
damages, nominal damages and attorney's fees pursuant to 42 U.S.C. §1983
and 42 U.S.C. §1988 for violations of her civil rights, as secured by said

1

statutes and the Constitutions and laws of the State of New York and the United States.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction for the federal claims herein is founded upon 28 U.S.C. § 1331. Jurisdiction for claims arising under the laws of the State of New York is founded upon 28 U.S.C. § 1367.

## VENUE

4.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff RONIQA HOUSTON has been at all relevant times a citizen of the State of New York and a resident of the City of New York. HOUSTON is

a Corrections Officer employed by the City of New York Department of Correction.

7.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, duly authorized public authorities and/or police departments, authorized to perform all functions of the police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.  At all times hereinafter mentioned, the individually named defendants P.O. MARITZA MORALES, P.O. JOHN DOE, P.O. JANE DOE and P.O.s JOAN DOEs #1-3 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. P.O. JOHN DOE is a male police officer who used excessive force on plaintiff on October 11, 2012.

11. P.O. JANE DOE is the partner of MORALES who was working with MORALES on October 11, 2012.

3

12.P.O.s JOAN DOEs #1-3 are police officers of unknown gender who responded to the scene and otherwise personally participated in the deprivation of plaintiff's civil rights.

13. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law in compliance with the official rules, regulations, laws, statutes, customs, usages and practices of the City of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

## FACTS

15. On October 11, 2012, at approximately 8:00 a.m., plaintiff RONIQA HOUSTON was sitting in the driver's seat of her 2007 Dodge Charger on Stockholm St. in Brooklyn, New York, on the northeast corner of Wyckoff Avenue.

16. Plaintiff was alone in the vehicle waiting for her aunt to exit Wyckoff Heights Medical Center.

17. At the aforesaid time and place, defendants MORALES and JANE DOE approached plaintiff's vehicle on plaintiff's left side in a marked police van.

4

18. MORALES and JANE DOE gestured for plaintiff to move her vehicle.

19. Plaintiff rolled down her window to explain that she was waiting for her aunt.

20. At the same time, defendant MORALES alighted from the passenger side of the police van.

21.Plaintiff then displayed her Department of Correction shield and identification.

22.In response, defendant MORALES said, in sum and substance, "you should have shown me that first, now you can take this summons or get out of here."

23. Plaintiff understood this as permission to leave.

24. Accordingly, plaintiff proceeded to drive northeast on Stockholm Street along the sidewalk, the distance of roughly two car lengths, directly into an available parking spot.

25. Defendant MORALES followed plaintiff's vehicle on foot, approached the driver's side, and told plaintiff not to park there either.

26. Obeying MORALES' command, plaintiff carefully pulled out of the spot and continued straight to another available parking spot roughly five cars ahead.

27. However, when plaintiff turned her head to back into an available parking space, she saw that she was prevented from reverse parallel parking by defendant officers MORALES and JANE DOE, who were idling closely behind in the police van.

28. Plaintiff observed the two defendant officers gesturing from their vehicle for her to continue driving.

29. Again obeying the officers' commands, plaintiff continued driving straight on Stockholm Street, turned right onto St. Nicholas Avenue and continued straight through the cross section of Stanhope Street

30. After crossing Stanhope Street, plaintiff saw the police van following closely behind and stopped her vehicle.

31. Defendant officers gestured from their vehicle for her to continue driving.

32. Plaintiff continued southeast on St. Nicholas Avenue across Himrod Street.

33. At that time defendant officers turned on their lights and sirens and plaintiff immediately pulled over to the right.

34. Plaintiff exited her vehicle and stood in the doorway of the driver's side facing defendant officers, and asked, in sum and substance, "what do you want me to do?"

35. MORALES and JANE DOE remained in their van and ordered plaintiff to get back in her vehicle.

36. At that time a marked New York City Police Department patrol car and a gold Impala arrived from the south.

37. Plaintiff began getting back into her vehicle.

38. Defendant JOHN DOE, a male police officer, approached and forcefully grabbed plaintiff's left arm, pulling her out of the vehicle and causing extreme pain and distress.

39. JOHN DOE roughly twisted both of plaintiff's arms behind her back causing extreme pain and distress.

40. JOHN DOE placed handcuffs on plaintiff.

41. At all relevant times, plaintiff was compliant with all commands by the police officers.

42. As JOHN DOE was pulling and twisting plaintiff's arms, defendant Morales exited her vehicle and ran towards plaintiff shouting that plaintiff is a corrections officer.

43. After cuffing her, JOHN DOE began to search plaintiff's person for a firearm.

44. Plaintiff repeatedly stated that she does not carry a firearm and that no firearm would be found in her vehicle.

7

45. Thereafter, defendant officers placed plaintiff in the patrol car and transported plaintiff to the 83rd Precinct.

46. Plaintiff was handcuffed to a bench at the 83rd Precinct until approximately 8:30 p.m.

47. While at the 83rd Precinct, plaintiff observed that defendant MORALES continued to walk around without appearing to be injured in any way.

48. MORALES did not state to plaintiff that she was injured in any way.

49. At approximately 8:30 p.m. plaintiff was transported to Central Booking in Brooklyn.

50. Plaintiff was held in Central Booking until she was arraigned on the morning of October 12, 2012.

51. Plaintiff was not informed of any charges against her until arraignment.

52. At no time on October 11, 2012 did defendant officers possess probable cause to arrest plaintiff.

53. At no time on October 11, 2012 did defendant officers possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

54. In connection with this arrest, defendant officers filled out false and misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

55. Thereafter, defendant officers repeatedly gave false and misleading information regarding the facts and circumstances of plaintiff's arrest to the District Attorney's Office.

56. Specifically, defendants falsely and knowingly alleged, *inter alia*, that plaintiff refused to move her vehicle when instructed to by defendant MORALES, that plaintiff drove her vehicle straight at defendant MORALES, that plaintiff attempted to flee in her vehicle, that plaintiff drove through a steady red light, and that plaintiff resisted arrest by flailing her arms and locking her elbows.

57. Despite defendants' actions, all charges against plaintiff RONIQA HOUSTON were dismissed by the Grand Jury in January 2013.

58. As a result of defendants' unlawful actions, plaintiff RONIQA HOUSTON spent more than twenty-four (24) hours in custody.

59. As a result of defendants' unlawful actions, plaintiff spent approximately four (4) months making numerous court appearances.

60. As a result of defendants' unlawful actions, plaintiff's vehicle was impounded and she lost possession and the use of her vehicle for approximately six (6) months.

61. As a result of defendants' unlawful actions, plaintiff was forced to incur substantial legal fees.

62. As a result of defendants' unlawful actions, plaintiff sustained, *inter alia*, physical injury, extreme pain, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

65. All of the aforementioned acts deprived plaintiff RONIQA HOUSTON of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with the actual and/or apparent authority attendant thereto.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

68. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. §1983

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into

71. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants misrepresented and falsified evidence before the Kings County District Attorney and the Grand Jury.

74. Defendants did not make a complete and full statement of facts to the District Attorney.

75. Defendants withheld exculpatory evidence from the District Attorney.

76. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff RONIQA HOUSTON.

77. Defendants lacked probable cause to initiate criminal proceedings against plaintiff RONIQA HOUSTON.

78. Defendants acted with malice in initiating criminal proceedings against plaintiff RONIQA HOUSTON.

79. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff RONIQA HOUSTON.

80. Defendants lacked probable cause to continue criminal proceedings against plaintiff RONIQA HOUSTON.

81. Defendants acted with malice in continuing criminal proceedings against plaintiff RONIQA HOUSTON.

82. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

83. Specifically, defendants falsely and knowingly alleged, *inter alia*, that plaintiff refused to move her vehicle when instructed to by defendant MORALES, that plaintiff drove her vehicle straight at defendant MORALES, that plaintiff attempted to flee in her vehicle, that plaintiff drove through a steady red light, and that plaintiff resisted arrest by flailing her arms and locking her elbows.

84. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff RONIQA HOUSTON's favor in January 2013 when the charges against her were dismissed by the Grand Jury.

13

85. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restrains without probable cause.

## FOURTH CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbers "1" through "85" with the same force and effect as if fully set forth herein.

87. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff RONIQA HOUSTON.

88. As a result of the aforementioned conduct of defendants, plaintiff RONIQA HOUSTON was subjected to excessive force and sustained physical and emotional injuries.

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER 42 U.C.S. § 1983

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendants collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

91. The aforementioned customs, practices, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> A. maintaining an "activity" quota mandating officers to make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the constitution;
>
> B. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and
>
> C. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

92. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

93. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

94. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

95. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

96. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff RONIQA HOUSTON's constitutional rights.

97. The acts complained of deprived plaintiff of her rights:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from seizure and arrest not based upon probable cause'

      C.      To be free from unlawful search;

D.      Not to have summary punishment imposed upon her; and

E.      To receive equal protection under the law.

98. As a result of the foregoing, plaintiff is entitled to compensatory

damages and is further entitled to punitive damages against the individual

defendants.

## PENDENT STATE CLAIMS

99. Plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs numbered "1" through "98" with the same force and

effect as if fully set forth herein.

100.      On or about March 1, 2013, plaintiff duly served upon,

presented to, and filed with defendant THE CITY OF NEW YORK, a Notice of

Claim setting forth all facts and information required under the General

Municipal Law §50(e).

101.      Defendant THE CITY OF NEW YORK has wholly neglected

or refused to make an adjustment of payment thereof and more than thirty (30)

days have elapsed since the presentation of such claim as aforesaid.

102.      This action was commenced within one (1) year and ninety (90)

days after the cause of action herein accrued.

103.      Plaintiff has complied with all conditions precedent to

maintaining the instant action.

104.      This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW: ASSAULT

105.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.      Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

107.      As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW: BATTERY

108.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.      Defendant police officers touched plaintiff RONIQA HOUSTON in a harmful and offensive manner.

110.      Defendant police officers did so without privilege or consent from plaintiff.

111.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW:
### FALSE ARREST

112.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.      Defendant police officers arrested plaintiff RONIQA HOUSTON in the absence of probable cause and without a warrant.

114.     As a result of the aforesaid conduct by defendants, plaintiff RONIQA HOUSTON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings. The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW:
### FALSE IMPRISONMENT

115.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.     As a result of the foregoing, plaintiff RONIQA HOUSTON was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and humiliated and subjected to handcuffing and other physical restraints.

117.     Plaintiff was conscious of said confinement and did not consent to the same.

118.     The confinement of plaintiff was without probable cause and was not otherwise privileged.

119.     As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

120.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "119" with the same force and effect as if fully set forth herein.

121.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

122.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

123.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

124.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

125.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: MALICIOUS PROSECUTION

126.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "125" with the same force and effect as if fully set forth herein.

127.    On October 11, 2012, defendants commenced a criminal proceeding against plaintiff RONIQA HOUSTON.

128.    Defendants lacked probable cause to commence said criminal proceeding against RONIQA HOUSTON.

129.     Defendants were motivated by actual malice in commencing said criminal proceeding against RONIQA HOUSTON.

130.     From October 11, 2012, through February 8, 2013, plaintiff was forced to repeatedly make appearances in Criminal Court to defend herself against the unlawful prosecution initiated by defendants.

131.     As a result of the malicious prosecution against her, plaintiff RONIQA HOUSTON spent approximately four (4) months making court appearances and missed time from work.

132.     In January 2013, the criminal prosecution against plaintiff RONIQA HOUSTON was terminated in her favor when the charges against her were dismissed by the Grand Jury.

133.     As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW:
NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

134.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbers "1" through "133" with the same force and effect as if fully set forth herein.

135.     Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

136.     Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including defendants individually named above.

137.     Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: *RESPONDEAT SUPERIOR*

138.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbers "1" through "137" with the same force and effect as if fully set forth herein.

139.     Defendants individually named above are employees of defendant, CITY OF NEW YORK.

140.     The acts alleged herein were perpetuated by the defendant officers within the scope of their employment by defendant, CITY OF NEW YORK.

141.    Defendant officers acted with the express and apparent authority of defendant, CITY OF NEW YORK.

142.    Defendant CITY OF NEW YORK is liable for defendants' conduct under the doctrine of *respondeat superior*.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    i.   an order awarding compensatory damages in an amount to be determined at trial;

    ii.   an order awarding punitive damages in an amount to be determined at trial;

    iii.   reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.   such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

Dated:    New York, New York
             September 16, 2013

Law Office of Zachary Margulis-Ohnuma

By:_____
Zachary Margulis-Ohnuma (ZM-4932)
260 Madison Avenue, 18th Fl.
New York, NY 10016
(212) 685-0999